IN RE ADVISORY OPINION TO THE GOVERNOR.

The Constitution does not authorize the Governor to suspend an incumbent of the office of County Commissioner for an act of malfeasance or misfeasance in office committed by him prior to the date of the beginning of his current term of office as such County Commissioner.

In the Supreme Court of Florida,
June Term, A. D. 1912.

To His Excellency,
        Albert W. Gilchrist,
                Governor of Florida.
Dear Sir:—

The following communication from you has been received:

"State of Florida,                                   –
Executive Department,            ˏ     .
Tallahassee, December 13, 1912.

To the Honorable The Chief Justice and the Associate
Justices of the Supreme Court of Florida.

Gentlemen:—

It has been represented to me that one of the present members of the Board of County Commissioners of one of the counties of this State, about eight years ago, while at that time serving as a member of the Board of County Commissioners under a commission prior to the commission under which he is now serving, corruptly received a bribe of a considerable sum of money to influence his action and vote as a member of such Board of County Commissioners.

The charge comes from a source entitled to respectful consideration, and upon such charge I am requested as Governor, to remove the said member of the Board of County Commissioners from office.

In pursuance of the provisions of Section 13 of Article IV of the Constitution of the State of Florida, I have the honor to request the opinion of the Justices of the Supreme Court as to whether, as Governor, I have authority under Section 15 of Article IV of the State Constitution, or under any other Section of the State Constitution, to suspend a member of the Board of County Commissioners for any act of malfeasance or misfeasance committed by him in his said office under a commission prior to the commission under which he is now serving.

Very respectfully,
ALBERT W. GILCHRIST,
Governor."

Section 15 of Article IV provides that: "All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the Governor for malfeasance, or misfeasance, or neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency, and the cause of suspension shall be communicated to the officer suspended and to the Senate at its next session. And the Governor, by and with the consent of the Senate, may remove any officer, not liable to impeachment, for any cause above named. Every suspension shall continue until the adjournment of the next session of the Senate, unless the officer suspended shall, upon the recommendation of the Governor, be removed; but the Governor may reinstate the officer so suspended upon satisfactory evidence that the charge or charges against him are untrue. If the Senate shall refuse to remove, or fail to take action before its adjournmrent, the officer suspended shall resume the duties of the office. The Governor shall have power to fill by appointment any office, the incumbent of which has been suspended. No officer suspended who shall under this section resume the duties of his office, shall suffer any loss of salary or other compensation in consequence of such suspension. The suspension or removal herein authorized shall not relieve the officer from indictment for any misdemeanor in office."

The power thus given the Governor to suspend the incumbent of an office and to fill the office by appointment, is necessarily confined to the current term of the office. See Advisory Opinion to the Governor, 31 Fla. 1, 12 South. Rep. 114. The causes for suspension are "malfeasance, or misfeasance, or neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency," and the Constitution contemplates that the causes

for suspension from office shall arise from the conduct · of the officer during the term for which the officer is then in commission.   You are therefore respectfully advised that the Constitution does not authorize the Governor to suspend an incumbent of the office of County Commission· er for an act of malfeasance or misfeasance in office committed by him prior to the date of the beginning of his present term of office as such County Commissioner.

Very respectfully,

J. B. WHITFIELD,
R. F. TAYLOR,
R. S. COCKRELL,
T. M. SHACKLEFORD,
W. A. HOCKER,
Justices of the Supreme Court.