## Commonwealth, ex rel., v. Heck.

*Constitution of Pennsylvania — Schedule of the Constitution, Section 14—Act of May 14, 1915, P. L. 498—Validity.*

1. The 14th Section of the Schedule of the Constitution is a substantive part of that instrument and is to be so construed. Its unmistakable intendment is that the legislature at the session held succeeding each decennial census shall designate the several judicial districts of the Commonwealth for the succeeding ten years.

2. The Act of May 14, 1915, P. L. 498, which amends the general

judicial apportionment Act of July 18, 1901, P. L. 669, by designating the Counties of Cameron and Elk as the 25th judicial district, and attaching the County of Clinton to the 55th judicial district, is in violation of Section 14 of the schedule of the Constitution and is therefore void.

Argued July 2, 1915.    Petition for mandamus No. 22, May Term, 1915, by Commonwealth of Pennsylvania, ex rel., Francis Shunk Brown, Attorney General, and Charles Kessler, in case of Commonwealth of Pennsylvania, ex rel., Francis Shunk Brown, Attorney General, and Charles Kessler v. Albert S. Heck.    Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.    Petition dismissed.

Petition for mandamus to compel respondent to perform the duties of law judge of Clinton County.

The opinion of the Supreme Court states the facts.

*William H. Keller,* First Deputy Attorney General, with him *W. M. Hargest,* Deputy Attorney General, and *Francis Shunk Brown,* Attorney General, for Francis Shunk Brown, Attorney General.

*John C. Bell,* with him *Benj. M. Golder, R. B. McCormick* and *Henry Hipple,* for Charles Kessler.

*J. E. B. Cunningham,* with him *W. C. Kress, A. F. Jones, J. J. Kintner* and *C. H. Bergner,* for respondent.

PER CURIAM, July 3, 1915:

The members of the court being of one mind that the Act of May 14, 1915, is unconstitutional the petition for a mandamus is dismissed.    An opinion will be filed at a later date.

OPINION BY MR. CHIEF JUSTICE BROWN, October 4, 1915:

The Act of July 18, 1901, P. L. 669, designated the

Counties of Clinton, Cameron and Elk as the 25th judicial district of the State, and the County of Potter as the 55th district. By the Act of May 14, 1915, P. L. 498, the Act of 1901 was amended by designating the Counties of Cameron and Elk as the 25th district, and attaching the County of Clinton to the 55th district. ALBERT S. HECK is the president judge of the latter district. Charles Kessler, a citizen of Clinton County, presented a petition to Judge HECK, asking that he be discharged as administrator of an estate within the jurisdiction of the said county. Judge HECK refused to act on the petition or to perform any of the duties of law judge of Clinton County. Thereupon the Commonwealth, upon the relation of the attorney general, and Charles Kessler, presented a petition to this court, asking for a mandamus directing the said judge, ALBERT S. HECK, to perform the duties of law judge of Clinton County and to act upon the petition presented by Charles Kessler as administrator. To this petition the respondent filed an answer, setting forth that he is not the qualified judge of the courts of Clinton County, for the reason that the Act of May 14, 1915, is unconstitutional, because (a) Sections 4 and 5, of Article V, of the Constitution, and sections 13 and 14 of the schedule of that instrument, relating to the designation of judicial districts, prohibit such legislation; (b) it offends against Section 6, of Article III, requiring so much of a law as is amended to be re-enacted and published at length; (c) it is local and special legislation, regulating the affairs of counties and relating to courts, passed in violation of Section 7, of Article III, and Section 26, of Article V, of the Constitution.

The 14th section of the schedule of the Constitution is a substantive part of that instrument, and is to be so construed. Its unmistakable intendment is that the legislature, at the session immediately succeeding each decennial census, shall designate the several judicial districts of the Commonwealth for the succeeding ten

years. This constitutional requirement, however, has not been followed by the legislature. The judicial quilt which the legislature is required to make periodically for the Commonwealth must last for at least ten years, and in the interval is not to be patched or its pieces reset unless the creation of a new county shall withdraw that territory from the judicial district to which it previously belonged, requiring the establishment of courts of justice, either (1) by allowing the new county to remain within the district from which it was taken, (2) to attach it to another contiguous district, or (3) to erect it into a new and separate judicial district: Commonwealth, ex rel, Burns v. Handley, et al., 106 Pa. 245.

The last designation of the several judicial districts of the Commonwealth is the Act of July 18, 1901, P. L. 669, but by the Act of May 14, 1915, the legislature undertook to amend the Act of 1901 by designating the Counties of Cameron and Elk as the 25th judicial district and attaching the County of Clinton to the 55th district. The question of the power of the legislature to so amend a general judicial apportionment act has not heretofore been raised in any proceeding before this court. If such power does not exist, it is because the Constitution has expressly withheld it or forbidden it by necessary implication. Nothing in that instrument expressly prohibits such an amendment, but, by plain implication, it is forbidden. In compliance with the requirements of section 14 of the schedule of the Constitution, the legislature of 1901, at the next succeeding session after the decennial census of 1900, designated the several judicial districts of the Commonwealth. It was expressly forbidden to change that designation for the period of ten years, for such designation shall be made "at the next succeeding session after each decennial census, and not oftener." The manifest purpose of this provision is that the judicial districts of the State shall not be changed by the legislature, session after session, but only at intervals of ten years, as

changes in population may require.  Without this pro-
vision the legislature might at each session make such
changes in the several districts that, at the end of the
ten-year period for which the original general designa-
tion was intended, or even sooner, there would be a com-
plete judicial reapportionment.  This may not be done,
and it has been so decided.  In Commonwealth, ex rel,
Burns v. Handley, et al., supra, in construing the 14th
section of the schedule of the Constitution, and in say-
ing what effect must be given to it, we said, through Mr.
Justice CLARK: " 'The general assembly shall, at the next
succeeding session after each decennial census, and not
oftener, designate the several judicial districts, as re-
quired by this Constitution.'  This section belongs prop-
erly to the body of the Constitution; it is not, in any
proper sense, a schedule provision; it was not intended
merely to bridge the space between the old and the new
systems; it is an important member of the system itself.
Its design is to provide for a designation of the several
judicial districts throughout the Commonwealth at
regular or periodic intervals of ten years, and to pro-
hibit any further or other designation within these de-
cennial periods.  The arrangement of judicial districts,
thus provided for, is a conclusive one; it cannot be
afterwards disturbed or interfered with during the
period for which it is declared."  The arrangement of
judicial districts made by the legislature of 1901 is not
to be disturbed or interfered with during the period for
which it was declared, and that period will continue
until the legislature shall make a new designation or ap-
portionment of the several judicial districts of the State.

As the Act of 1915 is void, by reason of its contraven-
tion of the 14th section of the schedule of the Constitu-
tion, it is not necessary to consider the other reasons
urged against its constitutionality.

And now, October 4, 1915, the petition for a writ of
mandamus is dismissed, with costs to the respondent.