## Fudula's Petition.

Argued May 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*W. L. Pace*, with him *Leo J. Schwartzkopf*, for appellant.—The court below had no legal right in proceedings based on the provisions of section 217 of the School Code, as here, to remove him from his office as school director of Duryea Borough School District during his second six-year term, as such, for derelictions of duty alleged to have been committed during his previous six-year term of office: State ex rel. v. Patton, 11 S. W. 636; Thurston v. Clark, 40 Pac. 435; Speed v. City of Detroit, 57 N. W. 406; Reeves v. State, 358 S. W. 577.

No printed brief for appellee.

OPINION BY MR. JUSTICE WALLING, July 1, 1929:

At the fall election in 1927, Peter C. Fudula, the appellant, was reëlected a school director of the Duryea

Borough School District for a full term, beginning on the first Monday of December, 1927 (December 4th), and entered upon his duties as such on that day. On the following day (December 5th), a petition, signed by Henry Babich and fourteen other citizens and taxpayers of said school district, was presented to the proper court of common pleas, praying for the removal of Fudula and three other members of the school board for numerous specified acts of official neglect of duty committed during the preceding term. The proceedings were brought under section 217 of the School Code of May 18, 1911, P. L. 309, 321, which provides, inter alia, that, "If the board of school directors in any district in this Commonwealth shall fail to organize as hereinafter provided, or refuse or neglect to perform any duty imposed upon it by the provisions of this act, any ten resident taxpayers in said district may present their petition in writing, verified by the oath or affirmation of at least three of them, to the court of common pleas of the county in which such district, or the largest part in area of it, is located, setting forth the facts of such refusal or neglect of duty on the part of such school directors; whereupon the said court shall grant a rule upon said school directors." The section also provides for a hearing, should an answer be filed, and continues, "If on such hearing, or if when no answer is filed denying the facts set forth in said petition, the court shall be of the opinion that any duty imposed on said board of school directors, which is by the provisions of this act made mandatory upon them to perform, has not been done or has been neglected by them, the said court shall have the power to remove said board, or such of its number as in its opinion is proper, and appoint for the unexpired terms other qualified persons in their stead, subject to the provisions of this act." Section 218 of the Code provides that "Any person so removed from the office of school director shall not be eligible again as school director for the period of five (5) years thereafter." A rule as provided

in the statute was granted and, after answer filed and a full hearing, the court removed the four school directors and appointed others to fill the vacancies thus created. Thereupon, Fudula brought this appeal.

No complaint is made as to the propriety of the action taken if within the authority of the court. The position taken by appellant is that the court cannot remove a school director for neglect of duty or other misconduct committed during a former term. While this question, so far as appears, has not been directly passed upon by an appellate court in this State, it has in like cases elsewhere, and the great weight of authority so strongly sustains appellant's position that we are unwilling to depart from it. Each official term is a separate entity and a citizen whom the electors have chosen to a public office cannot be deprived thereof because of nonperformance or misperformance of duty in some other office or during a prior term of the same office. Referring to public officers, 29 Cyc. 1410 says: "Where removal may be made for cause only, the cause must have occurred during the present term of the officer. Misconduct prior to the present term even during a preceding term will not justify a removal." An officer cannot be removed for acts committed in a prior term of the same office: 23 Am. & Eng. Enc. of Law (2d ed.) page 445. The misconduct justifying removal must be committed during the current term: 15 C. J. 453. "Under Penal Code [Cal.], paragraph 772, providing for the removal of officers for violation of duty, a sheriff cannot be removed from office, while serving his second term, for offenses committed during his first term": Thurston v. Clark, 107 Cal. 285, 40 Pac. 435. "The Constitution does not authorize the governor to suspend an incumbent of the office of county commissioner for an act of malfeasance or misfeasance in office committed by him prior to the date of the beginning of his current term of office as such county commissioner": In re Advisory Opinion to Governor, 64 Fla. 168, 60 So. 337. To like import is Speed

v. Common Council, 98 Mich. 360, 57 N. W. 406; State ex rel. Brickell v. Hasty (Ala.), 63 So. 559, also reported with an illustrative note in 50 L. R. A. (N. S.) 553. This case states, what seems to be the correct rule, that "The acts of an officer during a previous term, though not grounds for impeachment, may be considered in so far as they are connected with or bear upon his general course of conduct during his present term, for the limited purpose of inquiring into his motive and intent as to the acts and omissions charged to him during his second term." See also Dillon's Municipal Corporations, volume 2 (5th ed.), page 800, section 477; Com. v. Shaver, 3 W. & S. 338, holds that a sheriff is not disqualified from holding his office, because of his conviction and sentence of the crime of bribing a voter; the offense having been committed prior to his election. This, as a common law principle, seems to support the conclusion above stated, although under section 9 of article VIII of the state Constitution bribery by a candidate forever disqualifies him from holding any office of trust or profit in this Commonwealth. So far as called to our attention, the only Pennsylvania decision directly in point is that of Removal of School Directors, 42 York L. R. 157, where President Judge Niles holds that under the School Code school directors cannot be removed from office for misconduct during a prior term. The five-year disqualification from holding the office of school director, under section 218 of the School Code, applies only to an actual removal and not to misconduct which would have justified it. As appellant neglected to make a timely presentation of this question in the trial court, he should pay the costs of this appeal.

So much of the judgment as removes Peter C. Fudula from the office of school director of Duryea Borough School District is reversed. The costs of this appeal to be paid by appellant.