## Bogdan v. School District of Coal Township, Appellant.

Argued November 14, 1951. Before DREW, C. J., STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Carl Rice,* with him *Vincent Rovito* and *Witmer & Rice,* for appellants.

*Richard Henry Klein,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

The pivotal question is: who is the legal tax collector of the school district of Coal Township of Northumberland County? The re-elected township treasurer is in default in his tax settlements for his *previous term* of office. Because of this fact the school district declined to deliver to him the certified duplicate tax statement for the current fiscal year 1950-51. See Public School Code of March 10, 1949 P. L. 30, art. VI, sec. 677, 24 PS, 6-677. This effectively prevents the re-elected township treasurer, as collector of school taxes, from performing his duties. The school board, by four to three vote, dismissed the *elected* township treasurer as collector of school taxes, and *appointed* another individual as school tax collector in his stead. The assigned reason for such dismissal was that "[plaintiff] did not settle his former duplicates according to law." The board having refused to supply the duly elected township treasurer, as school tax collector, with the essential current tax duplicates, he is powerless to perform his duty in collecting the school taxes. There exists in the school district great uncertainty as to which of the two collectors is lawfully entitled to act. The court below in an opinion by President Judge FORTNEY decided that the *duly elected* township treas-

urer, acting as school tax collector, was the one who was legally entitled to collect such taxes and the school district and its officers, the defendants, were directed to deliver to him such tax duplicates. The appeal followed.

The proceeding was commenced by a complaint in the nature of mandamus, accompanied by a petition for a rule on defendants for a *summary judgment*: See Rule 1098 of the Pennsylvania Procedural Rules. Goodrich-Amram Civil Practice Vol. 1, p. 120; Anderson, Pennsylvania Civil Practice Vol. 3, p. 336. According to the comments in Goodrich-Amram, supra, the court without hearing in clear cases may issue a mandatory order to defendant *in order to protect the public interest.* Our examination of the record discloses that it is a matter of urgent public interest promptly to determine who is the legal school tax collector authorized to collect the school tax. Both individuals make this claim. Conflicting notices have been published in the newspapers and elsewhere, which necessarily causes considerable confusion in the school district. The chief inquiry, therefore, is whether this is such a *clear case* as entitles plaintiff to a *summary judgment* under the procedural rule.

Anthony C. Bogdan, the plaintiff, was *re-elected* treasurer of Coal Township, County of Northumberland, in November 1949 for the term of four years, which term began on the first Monday of January, 1950. Under the Act of June 24, 1931, P. L. 1206, as amended, 53 PS, 19092-805, the treasurer of the township is constituted the tax collector of the school district with powers and duties duly specified. The act specifically provides: "no local taxes shall be collected in any township, *except by the treasurer of the township.*" (Italics supplied) The Act of May 25, 1945, P. L. 1050, sec. 31, 72 PS §5511.31, provides: "Unless settlement of a duplicate is made by a tax collector of

a borough, town or township of the second class, or by any tax collector of school taxes in the manner provided by this act, he shall not be entitled to the duplicate or duplicates of any taxing, district with which settlement has not been so made for any succeeding year during his term, and a tax collector shall be appointed in his stead in the manner provided by law."

All prior tax settlements have not been made. There exist litigated disputes concerning various years and items prior to the commencement of plaintiff's current term in January, 1950. It is conceded that plaintiff filed a $100,000 approved corporate fidelity bond, which is still in force, covering such prior term. He has also filed a similar bond for the current term.

We come then to the pivotal inquiry: may the school board because of the provisions of the Acts of 1945 (supra) and 1949 (infra), refuse to deliver to the duly elected township treasurer, the school tax collector, the tax duplicates because such individual has not made settlement for his preceding term and to appoint a *school tax collector* in his stead. We think not.

An *elected public officer* may not be superseded in office, and in the performance of his duties, in a *current* term because of nonperformance or misperformance of duties in a *prior* term: *Fudula's Petition,* 297 Pa. 364, 147 A. 67. The law governing this situation is well stated by President Judge FORTNEY in this language: "As authority for [the school board's] refusal to deliver to the plaintiff the tax duplicate for the fiscal year 1950-1951, they point to the Act of March 10, 1949, P. L. 30; 24 PS Art. 6, 685, which provides, 'In all school districts of the second, third and fourth class, no tax collector shall be reappointed, or be authorized to collect any school taxes in any school year unless he shall have first settled his duplicate in full with the Board of School Directors for the preceding year, in the manner provided.' It is to be noted this

section of the Act of 1949 is a verbatim reenactment of Section 560 of the Act of May 18, 1911, P. L. 309, which was interpreted by the Supreme Court in Black vs. Duquesne Borough School District, 239 Pa., 96 at 103, where it is said, 'Certainly the prohibition against reappointment by the board of school directors has no reference to tax collectors elected by the people . . . the word "reappointed" implies an appointment in the first instance and necessarily refers to tax collectors selected by appointment.' In the same case, the phrase 'or be authorized to collect any school taxes in any school year' was held to have no application to a tax collector elected by the people in the following language: 'Where a tax collector is elected by the people for a term of years, he does not derive his authority to collect school taxes from the board but from his election and from the provision of the law which directs he shall collect school taxes.' See, also, Stone vs. School District of the City of Carbondale, 102 Pa. Super. Ct., 60 at 65. In addition, the legislature, by Act of May 27, 1949, P. L. 1955; 53 PS 19092-805, says, 'It is the purpose and intent of this section that no local taxes shall be collected in any township, except by the Treasurer of the Township.'

"In further support of their action in refusing to deliver this duplicate to the plaintiff, we are referred to the Act of May 25, 1945, P. L. 1050, Section 31; 72 PS 5511.31, which provides, 'Unless settlement of a duplicate is made . . . by any tax collector of school taxes in the manner provided by this Act, he shall not be entitled to the duplicate or duplicates of any taxing district with which settlement has not been so made for *any succeeding year during his term* and a tax collector shall be appointed in his stead in the manner provided by law.' (Underscoring [italics] ours). The word 'term' as herein used and as applicable to the present case, is a term of four years beginning the first

Monday of January, 1950, and cannot be interpreted to mean 'during the tenure of office of the plaintiff.' Under this Act, the school board has no power in the succeeding four year term of its tax collector to take a tax duplicate from him for failure to settle a tax during his preceding term. We conclude that the allegations in the complaint support the action of mandamus and that the nonperformance of a defined duty justifying the removal of the plaintiff must have been committed during the current term. See Fudula's Petition, 297 Pa. 364 at 367, where it is said, 'Each official term is a separate entity, and a citizen whom the electors have chosen to a public office cannot be deprived thereof because of nonperformance or misperformance of a duty in some other office or during a prior term of the same office.' "

If our interpretation of the Act of 1911, supra, set forth in *Black v. Duquesne Borough School District,* supra, were not consonant with the legislative purpose, ". . . it was within the power of the legislature to amend the Act": *Salvation Army Case,* 349 Pa. 105, 110, 36 A. 2d 479. See also *Lower Nazareth Township Supervisors' Appeal,* 341 Pa. 171, 19 A. 2d 92; *Mills Estate,* 367 Pa. 504, 80 A. 2d 809. As the Legislature re-enacted the provision of the Act of 1911, with which we are dealing in the Act of 1949, it is clear that our statutory interpretation in the *Black* case, supra, was approved.

There is no reason why we should not forthwith grant a summary judgment on these pleadings in favor of plaintiff. It is true that preliminary objections were filed by defendants to the complaint, which complaint was in the nature of mandamus. The preliminary objections operated in the nature of a demurrer but were dismissed by the court. Defendants, it is true, were directed to file an answer. We are unable to discover how any answer filed to the complaint in the circum-

stances of this case can affect the situation disclosed in the record. The *facts*, insofar as they relate to this litigation, are really undisputed.

Clearly, therefore, plaintiff is the duly elected township treasurer and is the only person empowered to collect such school taxes. The tax duplicates must be forthwith delivered to plaintiff, who is required to collect all unpaid school taxes. If it should hereafter develop that there are delinquencies of the plaintiff concerning his preceding term, the school district is indemnified by the bond on file. And if perchance plaintiff, as the duly elected township treasurer and collector of taxes for the school district, fails in the performance of his *current* duties, ample constitutional and statutory remedies are available for his impeachment or removal, and his fidelity bond has been given covering any tax collections in which he may hereafter become delinquent.

The order, thus modified, is affirmed, at appellants' costs.