**DeJoseph v. Conahan**

*James S. Palermo* and *Roy N. LaRocca*, for plaintiffs.

*J. J. McCluskey*, for defendants.

PINOLA, P. J., May 21, 1962.—Plaintiffs have brought an action in mandamus against Joseph B. Conahan, Mayor of the City of Hazleton, members of the city council above-named, and the five persons also above-named who are purporting to act as members of the Recreation Board of the City of Hazleton.

Plaintiffs, members of the board of recreation, were ousted from office by resolution adopted by the city council on March 27, 1962, by a vote of three to two, Messrs. Powell and Walker voting in the negative. The mayor and council then appointed Messrs. Stish, Tomasick, Boyle, Dominick and Koch to fill the vacancies created by the resolution and fixed the term of Stish to expire in 1963, that of Tomasick to expire in 1964, that of Boyle to expire in 1965, that of Dominick to expire in 1966, and that of Koch to expire in 1967.

John Tomasick was a member of the board with plaintiffs and following the ouster he was reappointed with the same expiration date of his term.

The term for which Michael DeJoseph had been appointed expires September 22, 1963, the term of James E. Goldsworthy expires September 12, 1966, and that of Milton J. Leichtman expires April 15, 1965.

All were appointed in pursuance of the authority given to the city council by the Act of June 23, 1931, P. L. 932, art. XXXVII, sec. 3704, as amended, 53 PS §38704. Under that section, council may vest the authority to supervise and maintain recreation places in a recreation board.

Section 3705 of the same act, as amended, 53 PS §38705, declares:

"If council shall determine that the power to equip, operate, and maintain recreation places, shall be exercised by a recreation board, they may establish in said city such recreation board, which shall possess all the powers, and be subject to all the responsibilities of council under this article. Such board, when established, shall consist of five persons, two of whom shall be members of the school board. The board shall be appointed by the mayor with the approval of council and shall serve for terms of five years, or until their successors are appointed, except that the members of such board, first appointed, shall be appointed for such terms that the term of one member shall expire annually thereafter . . ."

While any appointee may be removed for cause, in this case the resolution attempting to oust plaintiffs does not set forth any reason for the action of council, and hence we must assume that it was acting on the theory that the appointing power has the power of removal without cause.

Plaintiffs contend that since the terms of the members of the recreation board are staggered by requirement of the legislature, the appointing power has no right of removal at will.

We agree with them.

In Bowers v. Pennsylvania Labor Relations Board, 402 Pa. 542, where the governor sought to remove a member of the Labor Relations Board prior to the ex-

piration of his term, Chief Justice Jones declared (p. 551):

"The legislature has shown that, when it creates an administrative agency and provides that its members shall be appointed for fixed terms with staggered expiration dates, the intent thereby evidenced is that such members are not removable by the appointor at his pleasure . . . (W)here, in a statute so phrased, the legislature has desired that the appointor may remove appointees at his pleasure, it has incorporated an express provision to that effect . . ."

And in Commonwealth ex rel. Hanson v. Reitz, 403 Pa. 434, the court held that the mayor of a third class city could not remove from office at his pleasure appointed members of an authority created under the Urban Redevelopment Law of May 24, 1945, P. L. 991, 35 PS §§1705-1706.

Under these decisions, plaintiffs have a specific, clear, well-defined, complete, and legal right to be continued in their offices.

As to the question of procedure, we are satisfied that inasmuch as there is no contest as to plaintiffs' original title to their offices, mandamus is the proper remedy for the enforcement of their right to be free from interference in their offices: Commonwealth ex rel. v. Gibbons, 196 Pa. 97. In that case, the court specifically declared (p. 101):

". . . We have nothing to do with the title of his alleged successor who was apparently elected by the board to fill a vacancy that did not exist. This cannot affect the relator. He was admittedly elected to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right."

In our opinion, this is an appropriate case for the entry of summary judgment as provided by Pa. R. C. P. 1098.

Moreover, it is a matter of urgent public interest that the question as to this right be adjudicated promptly in order that the recreation program for the coming summer be properly and timely set up: Bogdan v. School District of Coal Township, 369 Pa. 147.

Accordingly, we reach the following

### Concusions of Law

1. The resolution of the mayor and city council of Hazleton, adopted March 27, 1962, declaring vacant the seats of plaintiffs on the recreation board is illegal, void and of no effect.

2. The resolution of the mayor and city council of Hazleton, adopted March 27, 1962, which purports to appoint the alleged new members of the recreation board is illegal, void and of no effect.

Therefore, now, to wit, May 21, 1962, judgment is entered in favor of plaintiffs, Michael L. DeJoseph, James E. Goldsworthy and Milton J. Leichtman, against Joseph B. Conahan, Mayor of the City of Hazleton, and Edmund Ferdinand, Wilbur Koch, Thomas Powell and Thomas Walker, members of the city council of Hazleton, and Girard Stish, John Tomasick, Vincent Boyle, Wallach Dominick and Carl Koch, individually and as purported members of the recreation board of the City of Hazleton.

It is ordered that the mayor and city council of Hazleton recognize plaintiffs as lawful members of the Board of Recreation of the City of Hazleton; and,

It is further ordered that Girard Stish, John Tomasick, Vincent Boyle, Wallace Dominick and Carl Koch, be and they hereby are restrained from interfering with plaintiffs in the exercise of their authority or prerogatives as members of the recreation board, and that Girard Stish, Vincent Boyle, Wallace Dominick and Carl Koch be and they hereby are restrained from attempting to exercise any of such authority or prerogatives on their part.