Harrison et al. *v.* Harrison, Jr. et al., Appellant.

Argued September 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William T. Connor,* and with him *John R. K. Scott,* for appellant. Cited: Hunnings v. Hunnings, 55 Pa. Superior Ct. 261; Fulford v. Fulford, 19 Pa. District Reports, 821.

*J. Montgomery Forster* of *Powell and Ludlow,* for appellee.

OPINION BY KELLER, J., November 23, 1932:

We are obliged to reverse the order or decree of the municipal court and dismiss the proceeding for want of jurisdiction in that court to consider it.

The proceeding was a bill in equity filed under the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182 and July 21, 1913, P. L. 867, by a deserted wife for the seizure and appropriation to her maintenance of part of a trust fund created by her husband and placed with the other defendant, Corn Exchange National Bank & Trust Co.

The Act of 1907, supra, authorizes the deserted wife to bring her action at law or in equity against her deserting husband "in the court of common pleas where the desertion occurred or where she is domiciled." The alleged desertion occurred in Red Bank, N. J. The husband never was domiciled in Philadelphia, or even in Pennsylvania, so the plaintiff acquired no domicile in Philadelphia County by operation of law through her marriage to the defendant,

Harrison. She was at the time of her marriage, and also of bringing this suit, a minor. Prior to her marriage she lived with her parents in Chester County, and after her husband deserted her she came back to Chester County and lived at her parents' home. That was her domicile.

Her taking of an apartment in Philadelphia, for which her father and mother paid the rent, about a month before she filed this bill, was palpably for the purpose of acquiring jurisdiction to bring this suit in Philadelphia County. She admitted that she usually slept at home, did no cooking at the apartment, took no meals there, and that her mother took the place in Philadelphia so that she could come into the municipal court and ask for an order against the income in the hands of the Corn Exchange Bank. She was not employed in Philadelphia and did not reside there in the sense required to establish a domicile,—especially so in view of her minority. See 19 Corpus Juris 410; Guier v. O'Daniel, note to 1 Binney 336, p. 349; Reed v. Reed, 30 Pa. Superior Ct. 229, 235.

It is true that these facts and admissions were developed at the hearing on a warrant of seizure in the municipal court before President Judge BROWN on May 8, 1929—(Domestic Relations Division No. 79435) —two days before this bill was filed, and that that petition was dismissed on May 15, 1929, but the record in that proceeding was admitted in evidence in this case, and it justified no other order than that the petition be dismissed for want of jurisdiction.

The evidence taken on behalf of the plaintiff in this suit must be read and considered in the light of her testimony and admissions on the warrant of seizure proceeding, brought under the same act, and so considered, the plaintiff's domicile in Chester County, and her want of domicile in Philadelphia County is established. Her alleged residence in Philadelphia con-

sisted only of a two months' desultory "occupancy" of the apartment rented for her by her father and mother at 129 S. 23rd Street, followed by a month and a half's visit to her aunt at Chestnut Hill, during which time she unsuccessfully tried to get a job. She then went back to her home in Chester County, where she was living at the time of the hearing on the bill in equity. It comes far short of the bona fide residence and intention to live there, necessary for a change of domicile, even by a person of full age. It showed no such actual residence accompanied by an intention of permanently residing there as to constitute the establishment of a domicile in Philadelphia: Price v. Price, 156 Pa. 617, 27 Atl. 291; Reed v. Reed, supra; no residence in Philadelphia accompanied by positive or presumptive proof of an intention to remain there for an unlimited time: Mitchell v. U. S., 21 Wallace 350, 352.

The question of jurisdiction was raised at the start. As it went not to the jurisdiction over the defendant's person, but to the subject matter, it can be considered on appeal after an order or decree on the merits: Wettengel v. Robinson, 288 Pa. 362, 136 Atl. 673. Having been raised and pressed, and the plaintiff's domicile being in Chester County, and not in Philadelphia County, we are required under the plain provision of the Act of 1907,—which is not altered by the amendments—, to dismiss the bill for want of jurisdiction in the lower court. See Hunnings v. Hunnings, 55 Pa. Superior Ct. 261. Jurisdiction of the subject matter cannot be conferred by estoppel: Wettengel v. Robinson, supra.

With this disposition of the case we shall not in advance of a hearing and decree by a competent court, having jurisdiction of the subject matter, pass upon the other questions raised by the appellant.

The first assignment of error is sustained. The

order or decree of the court below is reversed. The record is remitted to the municipal court with directions to dismiss the bill for want of jurisdiction. Costs to be paid by appellee.