## Novak v. Sirlin et al.

*Lewis, Riester & Brandt,* for plaintiffs.

*Harry A. Estep, James H. Duff* and *Ruth Forsht,* for defendants.

McDONALD, J., February 27, 1945.—This case is before this court en banc upon a rule issued at the instance of William A. Sirlin, defendant, to show cause why the bill of complaint in this case should not be dismissed because of a lack of jurisdiction over the subject

568

matter. The essential facts disclosed by the bill of complaint are as follows:

The individual plaintiff is a licensed undertaker with a place of business on Brighton Road in the City of Pittsburgh, Pa. The Allegheny County Funeral Directors' Association, Inc., is a nonprofit corporation created and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the City of Pittsburgh, Pa. The Funeral Directors' Association of the State of Pennsylvania, Inc., is a nonprofit corporation created and existing under the laws of the Commonwealth of Pennsylvania and having its principal office or place of business in the City of Harrisburg, Dauphin County, Pa.

The bill of complaint avers that defendant, William A. Sirlin, is a licensed funeral director, having his principal place of business at 620 East Ohio Street in the City of Pittsburgh, Pa. The other defendant named in the bill of complaint, to wit, the Pennsylvania State Board of Undertakers, Department of Health, Commonwealth of Pennsylvania, is an administrative board created by, and existing under the laws of the Commonwealth of Pennsylvania and is a board or division within the department of health of the said Commonwealth and has its office in the City of Harrisburg, Dauphin County.

The bill of complaint discloses that A. L. Sirlin, the father of defendant, William A. Sirlin, was duly registered, licensed funeral director in the Commonwealth of Pennsylvania, and that on June 1, 1923, said A. L. Sirlin possessed a funeral director's license for his principal place of business, and in addition that he possessed two branch office licenses, all of which licenses were for places of business located within the City of Pittsburgh. In the year 1922, the defendant, William A. Sirlin, purchased an undivided one half interest in the father's undertaking business and became a partner therein and duly registered such partnership in the fictitious

names docket in the prothonotary's office of Allegheny County under the name of "A. L. Sirlin & Son." On February 1, 1927, William A. Sirlin purchased the remaining one half interest of his father in the said funeral business. On March 15, 1927, said William A. Sirlin discontinued one of the branch offices for which he held a funeral director's license, as aforesaid, and moved the principal office of his place of business to another address within the City of Pittsburgh. Later in the year 1927, and again in the years 1932 and 1940, the defendant requested the State Board of Undertakers to transfer the branch office license to his own name, but in each instance such requests were refused. In the year 1932 defendant ceased operations entirely at the branch office place of business.

On June 22, 1943, the Pennsylvania State Board of Undertakers issued to defendant, William A. Sirlin, a renewal of the old partnership branch office license for a place of business to be conducted at 3424 Brighton Road in the City of Pittsburgh, and since such date, defendant has been conducting his undertaking business at that address by reason of the license issued to him.

The bill of complaint avers that the State Board of Undertakers acted illegally in issuing to defendant, William A. Sirlin, such branch office license for a funeral home, and prays for an order "declaring the action of the State Board of Undertakers of June 22, 1943, in re-issuing the alleged partnership branch office license of A. L. Sirlin to William A. Sirlin, as a funeral director, for premises known as 3424 Brighton Road, N. S., Pittsburgh, Pa., as illegal and, therefore, null and void." The bill of complaint further prays "that a mandatory injunction issue, permanently enjoining the respondent, William A. Sirlin, from advertising the premises known as 3424 Brighton Road, N. S., Pittsburgh, Pa., as a funeral home," and "that a mandatory injunction issue, permanently enjoining

the respondent, William A. Sirlin, from operating a funeral director's branch office at 3424 Brighton Road, N. S., Pittsburgh, Pa., or at any other place within the Commonwealth of Pennsylvania."

The bill of complaint having been filed against both William A. Sirlin and the Pennsylvania State Board of Undertakers, Department of Health, the said State board filed preliminary objections to the bill of complaint for the reason that this court in Allegheny County has no jurisdiction over the State Board of Undertakers. Such preliminary objections were sustained and the bill of complaint was dismissed as to the State board, but without prejudice to William A. Sirlin.

Subsequently, the said William A. Sirlin caused a general appearance to be entered for him and then filed an answer to the merits in the case. Said defendant then filed the present motion for rule to show cause why the bill of complaint should not be dismissed as to him for lack of jurisdiction.

From the foregoing statement of the facts and from the bill of complaint, it will appear that the plaintiffs do not allege or aver that defendant, William A. Sirlin, is operating a funeral home at 3424 Brighton Road, North Side, Pittsburgh, or at any other location, without a license, or that he is operating such funeral home in violation of the law or in violation of any regulation of the State board, but they do allege that such license was issued to said William A. Sirlin by the State board in violation of law.

The fundamental rule of law in such cases is that, except where specifically provided by statute, appeals from the orders and directives of the administrative branches or departments of the Commonwealth of Pennsylvania, are exclusively within the jurisdiction of the Court of Common Pleas of Dauphin county. See the Act of May 26, 1931, P. L. 191.

Insofar as the licensing of undertakers is concerned, it is provided by the Act of June 10, 1931, P. L. 485,

as amended by the Act of July 19, 1935, P. L. 1324, sec. 10, as follows:

"(*a*) Any applicant or licensee whose license has been refused, suspended, or revoked by the board shall, within thirty days, have the right to appeal to the Court of Common Pleas of Dauphin County, where the matter shall be heard by the court without a jury. The action of said court shall be final. The case shall be heard upon the record certified to the court by the board. The court may, in proper cases, remit the record to the board for the taking of further testimony.

"(*b*) Any association of funeral directors or any party in interest shall be entitled to be heard by the board. The said association of funeral directors or any person having an interest in the controversy may, by an action in equity, obtain an injunction to prevent the illegal operation of a person, firm, corporation or establishment in violation of law or the regulations of the board. For such purposes, the common pleas court of the county, where the violations occur or where the defendant may be served, shall have jurisdiction."

From this act and from the decisions respecting the same, it appears clear that any applicant or licensee for an undertaker's license whose application has been refused, suspended or revoked by the board, shall have the right to appeal to the Court of Common Pleas of Dauphin County, whose decisions in such cases shall be final. It also appears clear by subsection (*b*) of said act that any association of funeral directors or any party in interest, shall be entitled to be heard by the said board, and may obtain an injunction to prevent an illegal operation of a person, firm, corporation, or establishment in violation of law or in violation of the regulations of the board, and that such injunction may be obtained in any county where the violation occurs or where defendant may be served.

By sustaining the preliminary objections to the bill of complaint as filed by the Pennsylvania Board of Undertakers, this court has recognized that it has no jurisdiction over the said board.

What we are asked to do now in this proceeding standing against William A. Sirlin alone, is to permit the plaintiffs to attack collaterally the order of the State Board of Undertakers which granted to the defendant a funeral director's branch office license for the premises at 3424 Brighton Road, North Side, Pittsburgh.

It is our opinion that since there is no allegation of any violation of the law or of any regulation of the board other than the alleged illegal issuance of the branch office license to defendant, this court is without jurisdiction over the subject matter, and that the rule to show cause heretofore granted, must be made absolute. See State Board of Undertakers et al. v. Joseph T. Sekula Funeral Homes, Inc., 339 Pa. 309, and Grime et al. v. Department of Public Instruction of the Commonwealth of Pennsylvania et al., 324 Pa. 371.

Plaintiffs also contend that since defendant appeared generally and filed an answer on the merits to the bill of complaint, he thereby waived all question of jurisdiction by this court and that through such appearance this court acquired jurisdiction.

If the question of jurisdiction was directed only to jurisdiction over defendant personally, we would agree with this contention, but the question raised in this case involves the jurisdiction of the subject matter, and if this court had no such jurisdiction, it cannot acquire the same or have it conveyed upon it through a general appearance on the part of defendant.

The question of jurisdiction over the subject matter may be raised at any time during the trial of the case and can be raised either by the parties or by the court itself at any time prior to final judgment in the case. See Harrison et al. v. Harrison, Jr., et al. 107 Pa. Superior Ct. 161, and cases therein cited.

As before stated, we are therefore of the opinion that the rule to show cause heretofore granted must be made absolute, and that the bill of complaint should be dismissed as to defendant, William A. Sirlin, for lack of jurisdiction over the subject matter. An order will be made accordingly.

*Order of court*

And now, to wit, February 27, 1945, the rule to show cause why the bill of complaint in this case should not be dismissed is made absolute, and the bill of complaint is dismissed for the reason that this court lacks jurisdiction over the cause of action.