## Sonoff v. Sonoff

*Albert E. Acker* and *Joseph H. Broscoe*, for plaintiff.

*Thomas H. Armstrong* and *Cyril T. Garvey*, for defendant.

McKay, J., October 23, 1957.—Defendant in this case has filed preliminary objections in the nature of a demurrer to a complaint in divorce. The complaint alleges as the ground for divorce, indignities to the person, and sets forth in substance the language of the statute as required by Pa. R. C. P. 1126 (6). However, in response to the rule entered at the instance of defendant, plaintiff filed a bill of particulars setting forth the details of conduct alleged to constitute indignities.

It is the position of defendant that the facts set forth in the bill of particulars do not constitute a cause of action in divorce on the ground alleged.

Plaintiff contends first that the bill of particulars is not subject to a demurrer and that the complaint itself is legally sufficient in that it sets forth the alleged ground of divorce in the language of the statute. Plaintiff contends further that if the complaint and bill of particulars, considered together as a pleading, are open to demurrer, the acts specified in the bill are sufficient to constitute indignities to the person.

The first point raised by plaintiff is somewhat novel and appears not to have been ruled upon by the courts. It is whether a complaint couched in the language of the divorce statute is subject to demurrer if the facts alleged in the bills of particulars are insufficient to set forth a good cause of action.

In 3 Anderson Pa. Civ. Pract. 414, relating to demurrers in divorce actions, the author states:

"If the plaintiff is permitted to plead the cause of action in the language of the act of assembly, it is un-

likely that the cause of action will be pleaded in such a way as to be demurrable. Ordinarily the plaintiff's pleadings will conform to the statute and any difficulty will arise from the question of proof, rather than the pleadings." Also at page 424, he states: "No provision is made for challenging the sufficiency of . . . a bill of particulars."

On the other hand, the procedural rules specifically provide that a bill of particulars is a pleading. Rule 1125($a$) reads: "The pleadings in an action are limited to a complaint, an answer thereto, a bill of particulars, a preliminary objection and an answer thereto." In 41 Am. Jur. 478, it is stated: "A bill of particulars is considered in some respects as an amplification or more particular specification of the matter set forth in a pleading."

The authors of Goodrich-Amram Civil Practice, commenting upon rule 1128, state:

"The purpose of the bill of particulars is to require the plaintiff to furnish the defendant with a specification of the particulars relied on as the basis for the action. In other words, it is an amplification of the complaint."

Of course, in the absence of a bill of particulars, a complaint setting forth the charge of indignities to the person in the general terms of the statute would not be demurrable. When, however, in response to a rule, a bill is furnished, the complaint and the bill together constitute a single pleading in which plaintiff purports to set forth all of the facts of the cause of action upon which he relies. Since rule 1125($b$) (3) specifically provides for a demurrer under preliminary objections, it would seem to follow that a defendant in a divorce action may challenge by demurrer the sufficiency of the combined pleading made up of the complaint and the bill of particulars. . . .

(After holding that it could not be said in advance of hearing that the facts alleged did not constitute indignities, the court entered the following order.)

## Order

Now, October 23, 1957, it is ordered that the preliminary objections filed by defendant in the above entitled case be dismissed.

## Opinion

McKAY, J., November 12, 1957.—Defendant in the above entitled divorce action filed a petition asking that the appointment of George F. Mahaney, as master, be revoked and that the court proceed to hear the testimony in the case without reference to a master. A rule to show cause was issued and was argued by counsel. At the time of argument, counsel for defendant presented a supplemental motion to the court asking that the above entitled divorce action be "related" to an action in equity now pending before the same parties in this court at no. 2, June term, 1957, wherein defendant Steve Sonoff is plaintiff and Anne Sonoff is defendant. Several days have been consumed in the equity case and it is not yet concluded. The purpose of the latter motion is to have the testimony in the equity case considered by the court in the divorce action so as to avoid the repetition of a great deal of testimony that is relevant to both actions.

The motion to "relate" is opposed by plaintiff's counsel.

If it were possible for counsel for the parties to agree that the testimony heretofore taken in the equity action should be considered as applicable to the divorce proceeding and the two proceedings should be consolidated for future hearings and determined by one judge, there would undoubtedly be some advantage in making the rule absolute and granting the motion to

"relate" the testimony in the two cases. Much of the testimony in the equity case heretofore taken would be relevant in the divorce action and the former is so protracted that there would be a substantial saving in time and expense were the proposed procedure to be followed.

However, where the issues in the two causes of action are separate and distinct, and there is no stipulation of counsel agreeing to their joinder, the court is powerless to join them: DuPuy Estate, 373 Pa. 423. The statement of the court in the DuPuy case, at page 429: "That much of the same testimony is required to be considered in *both* actions is not a sufficient reason for such attempted joinder", applies equally to the present case.

Since the divorce case must be heard from the beginning, the question remains whether it should be heard by the court instead of by the master heretofore appointed. The rules of court of Mercer County provide for the use of masters in divorce cases generally. There can be no question of the power of the court to suspend its rules in a proper case and hear any divorce action itself without reference to a master, but such a departure from the settled procedure should only be made when, due to exceptional circumstances, good administration of justice requires it. We are unable to ascertain anything peculiar to the present pending divorce action that requires it to be heard by the court instead of by a master. It is suggested that the trial judge who is now hearing the equity case would be better able to determine the divorce action because of his knowledge of the facts developed in the equity trial. On the contrary, if the records of the respective cases must be kept separate, as we now hold, it is possible that they would better be heard by separate tribunals, at least at the fact-finding stage. It would be difficult

for a judge who heard both cases to base his decision in either of them solely upon the record of that case and exclude from his mind impressions formed while hearing the companion case.

Accordingly, we conclude that no satisfactory reason appears why the divorce case should not be heard by the master already appointed.

### Order

Now, November 12, 1957, the rule to show cause why the appointment of George F. Mahaney as master in the above entitled divorce action should not be vacated is discharged.

It is further ordered that the motion to "relate" the above entitled action and the equity action of Steve Sonoff against Anne Sonoff in the court of common pleas no. 2, June term, 1957, in equity, is overruled.