# Progressive Northern Company v. Toy

*Jeffrey A. Ramaley,* for plaintiff.
*Daniel F. Cusick,* for defendant.

NICKLEACH, *P.J.,* August 24, 2005—Presently before the court are the parties' cross-motions for summary judgment.

## FACTS

On April 10, 1999, defendant was traveling as a guest passenger in a vehicle owned by his mother, Nancy Vasbinder. This vehicle was struck by another vehicle operated by Jennifer McAuley. Defendant suffered injuries as a result of the collision. McAuley was insured by Travelers Insurance Company for up to $100,000 in liability coverage, and Vasbinder was insured by State Farm for up to $60,000 (stacked) in underinsured motorist coverage.

Defendant ultimately settled for $95,000 with Travelers, and $55,000 with State Farm.

Defendant presently seeks to recover from his wife, Michele Toy's insurance policy under that policy's underinsured motorist provision.

Plaintiff commenced this suit by filing a complaint for declaratory judgment on September 24, 2004.

## STANDARD OF REVIEW

Pa.R.C.P. 1035.2 provides that a party may move for summary judgment when there is no genuine issue of

material fact as to a necessary element of the cause of action or defense. The court will review the entire record in the light most favorable to the non-moving party and resolve all genuine issues of material fact against the moving party. *Basile v. H & R Block Inc.,* 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000).

## ISSUES

(1) Whether the household exclusion is applicable, and thereby precludes defendant from receiving benefits under the underinsured provision of the policy.

(2) Whether defendant exhausted coverage under the State Farm policy as required under the Progressive policy.

## DISCUSSION

The policy sets forth the following:

"EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. *IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III*

"(1) Coverage under this Part III is not provided

for *bodily injury* sustained by *any person* while using or *occupying:*

"(d) a vehicle *owned* by you or a *relative,* other than a covered vehicle." (Exhibit A, p. 20.) (emphasis added)

It is undisputed that Ms. Vasbinder's vehicle, in which defendant was a guest passenger, is not a covered vehicle. What remains at issue is whether defendant was occupying a vehicle owned by a "relative". The policy's definition of relative is as follows:

"(12) *'Relative'* means:

"(a) a person residing in the same household as *you* who is related to *you* by blood, *marriage,* or adoption, including a ward, stepchild, or foster child; and

"(b) a minor in the legal custody of the named insured, or in the custody of a person residing in *your* household who is related to *you.*

"Unmarried dependant children temporarily away from home will be considered residents if:

"(a) they are under the age of 25 years; and

"(b) they intend to continue to reside in *your* household." (Exhibit A, pp. 4-5.) (emphasis added)

Michele Toy, the policyholder, is the daughter-in-law of Ms. Vasbinder. The crux of the issue is whether Ms. Toy actually *resided* with her mother-in-law at the time of the accident.

Defendant and his family were unable to move into their home until certain work could be completed. While waiting to move, the family stayed across the street with Ms. Vasbinder. This living arrangement lasted approximately six to eight months. It was during this time that the accident occurred.

In order to determine whether Ms. Toy is considered a "relative" of Ms. Vasbinder as stated in the language of the policy, the court must first address the issue of residency.

In Pennsylvania, *"domicile* and *residence* are not convertible terms." *DuPuy Estate,* 373 Pa. 423, 427, 96 A.2d 318, 319 (1953). Residence is a *physical fact,* while domicile is a matter of intention. See *Greenwood v. Hildebrand,* 357 Pa. Super. 253, 259, 515 A.2d 963, 965 (1986). (emphasis added) This is illustrated in *Lesker*

*Case,* 377 Pa. 411, 416, 105 A.2d 376, 379 (1954) in which the Pennsylvania Supreme Court held that a person could have many residencies, but he may have only one domicile.

For these reasons, the court finds that intentions are irrelevant. The issue is not domicile, but rather residence. It is undisputed that at the time of the accident, both Ms. Toy and defendant physically occupied Ms. Vasbinder's home. (Def.'s exhibit A pp. 5-7.) Other than receiving mail at the property across the street, defendant carried on all other daily living activities at his mother's for six to eight months. The policy specifically states that a relative is one who is "residing" in the same household. The court finds that Ms. Toy and defendant were indeed residing in Ms. Vasbinder's home when the accident occurred. In so doing, she is considered a relative under the policy's plain meaning. Defendant's injuries resulted from an accident that occurred while occupying a vehicle not covered by the policy and which was owned by a relative. Therefore, the household exclusion is applicable and defendant is not entitled to recover underinsured benefits from the plaintiff.

Because defendant is barred from recovery under the household exclusion provision of the policy, the court need not address the issue of exhaustion.

An appropriate order will be entered.

## ORDER

And now, to wit, August 24, 2005, having heard oral argument on the matter, it is hereby ordered, adjudged and decreed that plaintiff's motion for summary judgment and plaintiff's supplement to motion for summary

judgment are hereby granted. It is declared that plaintiff, Progressive Northern Insurance Company, is not obligated to pay defendant, Raymond Toy, underinsured motorist coverage for the April 10, 1999 accident.

Defendant's cross-motion for summary judgment is denied.